### CHURCH *v.* BARKMAN.

*(Supreme Court, General Term, Third Department. November 30, 1891.)*

INJUNCTION—ACTION ON BOND—MEASURE OF DAMAGES.

Plaintiff, alleging title to a mill, obtained an injunction to restrain defendant from removing certain machinery therefrom. Defendant denied plaintiff's title, and alleged that he had conveyed the mill in question to his granddaughter, reserving the right to carry away the machinery. Plaintiff insisted that the machinery, being fixtures, was real estate, and passed in the conveyance to the granddaughter, and that defendant had no right to remove the same. *Held*, whether or not the fixtures were real estate, the granddaughter not choosing to assert title thereto, that defendant's title was good as against plaintiff, and that defendant, on dissolution of the injunction, was entitled to damages sustained by reason of the injunction, the measure of which would be the value of the granddaughter's consent to the removal.

Appeal from judgment on report of referee.

Action by Henrietta Church, executrix of Walter S. Church, deceased, against Daniel D. Barkman, executor of Johan Jost Becker, deceased, for an injunction. From a judgment entered on the report of a referee ascertaining defendant's damages on dissolution of the injunction, plaintiff appeals. Affirmed.

Argued before LEARNED, P. J., and LANDON and MAYHAM, JJ.

*W. S. Dyer*, (*Marcus T. Hun*, of counsel,) for appellant. *W. & G. W. Youmans*, for respondent.

LANDON, J. The injunction order restrained the original defendant, Becker, from committing any waste upon the premises, and from carrying away therefrom any of the building structures, appurtenances, or fixtures. The order, after being in force for three years, was dissolved by the final judgment of the court. The original plaintiff, Walter S. Church, claimed to own the premises, and alleged in his complaint that the original defendant, Becker, occupied them as his tenant. When this action was commenced, and the injunction served, Becker was engaged in removing the machinery, fixtures, and appurtenances from a grist-mill and water-power upon the premises, and placing them in a new mill and water-power, lower down upon the same stream, upon other premises owned by him. By his answer he denied Church's title, and alleged title in himself. The referee allowed damages for the value of the bulk-head, and of the trunk or tube for conveying water from the bulk-head to the mill. The referee found they were rendered useless in consequence of the injunction. He also allowed for the depreciation in value of the machinery and appliances in the mill, upon finding that they were injured in consequence of the injunction. He also found that all these things were personal property. It appeared upon the hearing before the referee that Becker, shortly before the commencement of this action, conveyed the mill premises in question to his granddaughter Emily Engle, but reserved "the personal property in and about said mill, and everything he usually used in the mill." At the time of his conveyance to Emily Engle it was orally agreed between them that he could take from the old mill, and place in the new one, whatever fixtures and machinery he wished, and this oral agreement was never revoked. The evidence warrants the conclusion that, but for the injunction order, Becker would have removed, with the full consent of Emily Engle, from the old mill to the new, all the property for which the referee has awarded damages. The plaintiff insists that such property was real estate, and that Becker, because of his conveyance to Emily Engle, had no title to any of it. It is not improbable that the bulk-head and tube therefrom to the

mill were fixtures or appurtenances. But grant that Becker had no legal title that would have been adjudged valid as against Emily Engle if she had chosen to assert her own title, yet, as she did not choose to assert it, but, on the contrary, chose to allow him to take whatever he wanted, he had practically sufficient title to permit him to have the same beneficial use of the fixtures and appurtenances as if he had had a legal title to them, and this beneficial use Church unjustifiably interfered with, and thus destroyed. The question is, how much did Church's unjustifiable interference injure Becker? And the answer must be, just the loss he actually sustained in being deprived of his privilege of removing the property. This is not to be measured upon the basis of an estimate of Becker's title, if challenged by Emily Engle, but by an estimate of the value to him of her free consent to remove the property and make it his own. Church stood upon his own alleged title, and not upon Emily Engle's, and it cannot help him that, if she had obtained the injunction, she might have maintained it. Respecting the amount of the award, it is limited by the amount of the undertaking to $500, and is $337 less than the referee finds the damages actually sustained. We think the actual award is within the evidence. Order affirmed, with $10 costs and disbursements.

All concur.